# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.P.-W.**

**No. 18-0884** (Gilmer County 18-JA-3)

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.P., by counsel Kevin W. Hughart, appeals the Circuit Court of Gilmer County's October 2, 2018, order terminating her parental rights to S.P.-W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she was an abusing parent in its preliminary hearing order, failing to continue the final dispositional hearing, and terminating her parental rights without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the DHHR filed a petition alleging that four-year-old S.P.-W. was exposed to drug abuse and drug paraphernalia while in her father's home. According to the DHHR, petitioner knew that the father suffered from a serious drug addiction, but continued to allow the child to remain in his care. Further, the DHHR alleged that petitioner had a history of involvement with Child Protective Services ("CPS") and was provided services in 2015. Later in March of 2018, the circuit court held a preliminary hearing and found that the child was in imminent danger of abuse and neglect at the time of her removal from the father's custody. Additionally, the circuit court found the child was abused and neglected and petitioner was an

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

abusing parent. The circuit court ordered petitioner to participate in drug screening and granted petitioner supervised visitation with the child if the drug screen results were negative for two consecutive weeks.

The circuit court held an adjudicatory hearing in May of 2018, and petitioner admitted to some of the allegations of abuse and neglect contained in the petition without objection from the DHHR. The circuit court adjudicated petitioner as an abusing parent. Petitioner introduced an exhibit from a clinic in Maryland that detailed her Subutex prescription as eight milligrams per day for the preceding five months. Thereafter, the DHHR filed a motion to terminate petitioner's parental rights. In the motion, the DHHR alleged that petitioner participated in a psychological examination during which she minimized her responsibility for the neglect the child suffered while in the father's custody. The evaluation stated that petitioner's prognosis for improvement was "very poor." Petitioner filed a motion for a post-adjudicatory improvement period.

In August of 2018, the circuit court held a hearing on the DHHR's motion to terminate petitioner's parental rights. Petitioner's psychological examiner's testimony was consistent with the DHHR's motion. A DHHR worker testified that petitioner's inconsistent inquiry into drug screening resulted in a denial of supervised visitation with the child. The worker further testified that she lost contact with petitioner in July of 2018 and was unable to locate petitioner at the address listed in the DHHR files. The worker described traveling to petitioner's home with the parenting provider and leaving the DHHR contact information by the front door. The worker explained that petitioner's parenting provider attempted to meet with petitioner on various occasions, but was unsuccessful in contacting petitioner. Petitioner acknowledged that her parenting provider supplied in-home services, but denied that the DHHR left contact information at her home. Petitioner also admitted that her participation in in-home parenting classes ended in June of 2018 because the parenting provider stopped coming to her home for classes. Petitioner indicated that she sent one message to the provider, but never contacted the DHHR regarding the lack of services. The DHHR's court report submitted in August of 2018 included copies of text messages from the parenting provider sent to petitioner with no response from petitioner. Petitioner also testified that she was taking twelve milligrams of Subutex daily, which was down from twenty-four milligrams beginning six or seven months prior.[2] The circuit court granted a joint motion to continue the hearing after petitioner asserted that the hearing was not properly noticed as a dispositional hearing.

The circuit court held the final dispositional hearing in September of 2018 and petitioner did not appear. Petitioner's counsel noted an automobile accident in the area and suggested that petitioner may have been stuck in traffic.[3] A DHHR worker reiterated her testimony that petitioner ceased contact and services with the DHHR in June of 2018. The DHHR worker

---

[2]Petitioner gave no explanation as to the difference in her testimony and the letter from her clinic she submitted into evidence in May of 2018 that indicated that she was prescribed eight milligrams of Subutex daily.

[3]According to the record, petitioner's counsel only suggested the accident delayed petitioner's arrival and did not move to continue the hearing as a result of petitioner's absence.

explained that petitioner contacted her following the prior hearing, but the DHHR was no longer offering her services due to her prior noncompliance. The worker recommended termination of petitioner's parental rights. Ultimately, the circuit court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected based on petitioner's failure to participate in services or drug screening. The circuit court found that termination of petitioner's parental rights was in the child's best interests. Accordingly, the circuit court terminated petitioner's parental rights by its October 2, 2018, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in finding that she was an abusing parent and that the child was an abused and neglected child in the preliminary hearing order. Petitioner states that the preliminary hearing is simply to determine whether probable cause exists that the child was in imminent danger at the time of the removal, and the Rules of Procedure for Abuse and Neglect Proceedings do not allow a circuit court to adjudicate a parent as abusing at the preliminary hearing. Although we agree with petitioner's assertion, we find this to be harmless error.[5] Petitioner did not express that she experienced any prejudice from the circuit court's premature adjudication. Additionally, petitioner was granted an opportunity to challenge the allegations in the petition, but instead waived that right and admitted to the allegations at a subsequent adjudicatory hearing. Petitioner was again adjudicated based on her

---

[4]The father's parental rights were also terminated. According to the parties, the permanency plan for the child is adoption in her current relative foster placement.

[5]This Court has previously recognized that, "[m]ost errors, including constitutional ones are subject to harmless error analysis." *State ex rel. Waldron v. Scott*, 222 W. Va. 122, 126, 663 S.E.2d 576, 580 (2008) (citation omitted).

admissions. Therefore, because petitioner was afforded an opportunity to challenge the allegations at an adjudicatory hearing and declined to do so, we find the circuit court's ruling regarding adjudication in the preliminary hearing order amounts to harmless error.

Petitioner also argues that the circuit court erred in failing to continue the final dispositional hearing when her counsel stated that traffic may have caused her absence. However, we note that petitioner's counsel did not move to continue the hearing, request any delay in the proceedings, or object to proceeding with the hearing. Petitioner's counsel only suggested that petitioner may have been delayed due to the accident. Thus, petitioner argues for this continuance for the first time on appeal. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Further, petitioner cites to no authority that requires the circuit court to continue an abuse and neglect proceeding sua sponte when a litigant does not appear. Accordingly, we find petitioner is entitled to no relief in this regard.

Finally, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. Petitioner's argument relies on the DHHR's alleged "failures" and the circuit court's refusal to recognize her medically assisted addiction treatment. However, petitioner fails to acknowledge that she did not prove by clear and convincing evidence that she was likely to fully participate in an improvement period and, thus, we find petitioner is entitled to no relief. West Virginia Code § 49-4-610(2)(B) provides that a circuit court may grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

Petitioner did not fully participate in the services offered by the DHHR. The service provider and the DHHR worker testified that they lost contact with petitioner in June of 2018 and could not schedule the required services with her. Further, petitioner admitted that she was noncompliant with drug screening and testified that she stopped calling the drug screening location daily to inquire if she was required to screen. This evidence does not prove that petitioner was likely to participate in an improvement period as she asserted in her testimony. Rather, petitioner clearly indicated a disinterest in cooperating with the DHHR. Moreover, petitioner argues that because the circuit court did not order the DHHR to continue services following the August of 2018 hearing, her opportunity to prove that she would participate was hindered. We do not find this point persuasive. Only sixteen days elapsed between the two dispositional hearings, and petitioner demonstrated her disinterest in participating throughout the prior two months. Finally, petitioner's challenge to the circuit court's negative consideration of her medically assisted addiction treatment is unconvincing considering petitioner's disinterest in participating in services. It is clear from the record that petitioner could not carry the burden of

proof that she would participate in an improvement period upon based her conduct during the proceedings, regardless of the treatment she received from her Subutex clinic. Moreover, petitioner provided little evidence regarding this treatment program and the evidence she did provide was inconsistent with her testimony. Therefore, the circuit court did not abuse its discretion in denying petitioner's motion for a post-adjudicatory improvement period.

The evidence of petitioner's noncompliance with services also supports the circuit court's termination of her parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Clearly, the DHHR attempted to provide services to petitioner and she simply did not follow through with those services. Additionally, petitioner minimized her responsibility regarding the neglect that the child suffered, despite acknowledging that she knew the father was addicted to controlled substances. Petitioner's inability to understand her role in the child's neglect demonstrated that services were necessary to achieve minimally adequate parenting. Without petitioner's cooperation with the DHHR and participation in services, there was no reasonable likelihood that she would remedy these conditions of neglect on her own. Accordingly, the record supports a finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future.

Similarly, the record supports a finding that termination of parental rights was necessary for the welfare of the child. Petitioner's inability to remove the child from a dangerous caregiver raised serious doubts regarding her judgment as a parent. This poor judgment would continue to threaten the child if she was returned to petitioner's care. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record supports the requisite findings for the circuit court to terminate petitioner's parental rights. Accordingly, we find no error in the circuit court's ruling below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 2, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 19, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison